JUDGE PRYOR
delivered the opinion op the court.
The only question presented for consideration in this case arises upon the construction given by the court below to the 27th section of the chapter on “Evidence” (General Statutes, page 414).
This section is as follows: “No person shall be deemed competent to testify in behalf of his own interest, and against the interest of an adverse party, in any action or special proceeding in which such adverse party is not before the court otherwise than by constructive service.”
The appellant Henry Love and Samuel Gilbert were engaged as partners in the making and sale of brick, and *580 owned in partnership all the machinery necessary for that purpose. Gilbert borrowed of the appellee Cummings six hundred and twenty-seven dollars on his individual account, and in order to secure the appellee executed to her a mortgage on his undivided half of the partnership property. The enterprise proved disastrous as between these partners, and Gilbert left the state, his partner retaining the possession of the partnership effects. The appellee filed her petition in equity to foreclose the mortgage, making both Love and Gilbert defendants, proceeding against the latter as a nonresident.
Love, the appellant, answered the petition, admitting that by the terms of the partnership Gilbert was entitled to an equal interest with himself, but alleging that he had made advances for the firm exceeding greatly the amount for which he was liable as between himself and partner, and claiming a superior lien by reason of these advances to that asserted by the appellee. He makes his answer a cross-petition against Gilbert, and asks for a settlement of the partnership accounts and for a judgment against Gilbert, and that his interest in the partnership effects be made liable therefor. He also proceeds against Gilbert as a non-resident.
By the contract of partnership the appellant was to keep the books, and to share equally the loss and profits. The appellant produced the books of the firm and some accounts paid by him, evidencing his claim against the partnership, and also gave his deposition that identified the books, and conducing to establish his defense. The deposition of the appellant was excepted to by the appellee, and the exceptions sustained. The case was referred to the commissioner to settle the partnership accounts; and the appellant, as he states, being unable to identify the books of the firm in any other manner than by his deposition, produced no evidence before the commissioner, and a judgment was rendered subjecting the one *581 half interest of Gilbert to the payment of appellee’s debt secured by the mortgage.
The appellant complains of the judgment, and insists that he was a competent witness as between himself and the mortgagee (the appellee). No issue was made on the cross-petition by any answer or appearance on the part of the non-resident partner, and therefore no exception was or could have been taken in his behalf to the deposition of appellant; still no judgment could have been rendered against the non-resident on the testimony of the appellant alone, who was the plaintiff in the cross-petition, as Gilbert was only constructively summoned.
It is maintained by counsel for appellee that before the appellant can assert his prior lien, if any he has against her, he must first establish its validity as against the non-resident partner; and not being competent to testify against him, is incompetent to testify against her. As between the mortgagee and appellant, the one is a competent witness against the other. If the non-resident partner was not a party to the action or defendant to the cross-petition, the appellant would certainly be competent as between himself and the appellee to show that he had even purchased out the interest of his partner, or had made such advances as gave him a superior lien; and his being made a party does not destroy his competency in any issue made between the appellee and the appellant in the original action, in regard to which either could testify. If one can testify, the other must be allowed the same right. No case can arise, upon a proper construction of the statute, where one party to an issue is allowed to testify as to matters affecting his adversary, and the mouth of the latter is to remain closed with reference to the same matters.
The appellee (mortgagee) is by reason of the mortgage the assignee of the one half interest of the non-resident partner in the chattels belonging to the partnership, and holds her lien *582 on this interest as against the non-resident until her debt is paid; and in attempting to enforce this lien is in fact asserting a claim to that extent in favor of the non-resident partner. The claim of the appellant as partner is admitted in the pleadings, and the extent of his interest questioned only.
The mortgagee in this case was and is competent as between herself and appellant to prove the extent and nature of Gilbert’s interest in the partnership, or to show that appellant has divested himself of all interest by selling to Gilbert, or that the latter, by reason of advances, is entitled to the whole proceeds of the partnership effects; and if so, we can not see the reason for requiring the appellant to remain silent as to the same matter. The mortgagee can not establish a claim against Gilbert by her own testimony, nor can the appellant; but either may testify as to the extent of his interest so far as it affects their rights, or that of Gilbert’s to the extent of his transfer to appellee. When Gilbert’s assignee or mortgagee attempts to assert her claim there is no reason why the appellant was not competent to show as against both a set-off against Gilbert, so as to prevent a recovery to that extent. The obligor in a note would be competent as against the assignee to show payment or a set-off, for the reason that both are parties to the action or issue, and in such cases each can testify. The appellee is seeking to subject this partnership property to the payment of an individual debt owing by one of the partners, and by reason of a mortgage on the partnership effects. The partner in possession of the property was compelled to make the issue or submit to judgment. If he establishes his defense in showing a superior lien by his own testimony or by the books of the partnership, identified by himself to the satisfaction of the chancellor, while the court will refuse to render any judgment against the non-resident, the appellee will be required to take a judgment to sell subject to the superior lien shown to exist *583 upon testimony competent as between the two, and competent also as against the non-resident partner to the extent he is represented by his mortgage.
Section 439 of the Civil Code, after reciting that the statements contained in a petition against a defendant constructively summoned can not be taken as true, provides: “ But when the plaintiff files with the petition his own affidavit stating that any of the allegations therein recited in the affidavit are true, and known to be so by the defendant, and that they can not be proven or shown otherwise than by his answer, so far as affiant knows or believes, such allegations, unless denied by the answer, shall be taken as true.” This provision of the Code is still in force. Prior to the adoption of the General Statutes the plaintiff was incompetent to testify in his own behalf, and section 27 leaves him, so far as nonresidents are concerned, where he stood prior to its adoption, and no repeal, either expressly or by implication, of the section of the Code referred to has been made. No offer to file such an affidavit was made by the appellant in the court below; still his failure to do so, if he could have made such a statement, ought not to affect his rights on this appeal, when he should have been permitted to testify. No judgment is passed upon the facts of this case, as we are satisfied that the case should have gone to the commissioner for a settlement of the partnership accounts. The case is left open for proof as to whether or not the money was loaned on the individual account of Gilbert, and not for the purpose of the partnership, and also upon the entire issue made by the defense.
The judgment is reversed, and cause remanded for further proceedings consistent with this opinion.