### R. C. BURNS *v.* M. A. STEPHENSON, ET AL.

**Notes—Assignment of Notes—Suits to Collect Notes—Set-Off.**

Where a suit is brought on notes by their assignee, who has purchased them for value, nothing can be used as a set-off against him which was not a cause of action against his assignor at the time the appellant received notice of the assignment.

#### APPEAL FROM BOYD CIRCUIT COURT.

October 13, 1877.

OPINION BY JUDGE COFER:

The notes sued on were executed to Burwell Stephenson and assigned by him to the appellees, and nothing can be pleaded as a set-off against them in the hands of the assignee except that which at the time of notice to appellant of the assignment constituted a cause of action in his favor against Burwell Stephenson alone.

A part of the consideration for the notes was Mrs. Stephenson's interest in the land and the mortgage for which they were given, and the claims pleaded as a set-off were nearly all of them against her, and might in equity have been made available against her husband to the extent of her interest in the consideration of the notes. But that could only have been on the ground that as to that part of the consideration her husband was a mere volunteer and could not in equity hold on to it to the prejudice of her creditors.

The appellee, as a purchaser of the notes for value, is not effected by any such equity, and nothing can be used as a set-off against him which was not a cause of action against his assignor at the time the appellant received notice of the assignment. Therefore, as the items pleaded as a set-off are demands against Mrs. Stephenson, they can not be pleaded against the assignee of her husband. As to items of indebtedness of Burwell Stephenson to the appellant, and which existed prior to the date of notice of the assignment, they

are available against the appellee. And both the appellant and J. M. Burns are competent witnesses to prove any item of set-off available against the appellee. *Love v. Cummings,* 10 Bush 578.

The item of $106.63, cost in the suit to foreclose the mortgage transferred to the appellee, is not available as a set-off for more than one reason. In the first place it was not a cause of action existing at the time of notice of the assignment. *Graham v. Tilford & Barkley,* 1 Met. 112; *Walker v. McKay,* 2 Ib. 295. In the second place Stephenson did not guarantee the mortgage debt or undertake that any given amount was due or should be realized thereon, and he is not liable to the appellant for the costs of the suit to enforce satisfaction of the mortgage debt. And in the third place it does not appear that any deficiency in the proceeds of the mortgaged property may not be collected from the mortgagors.

There was no error in rendering a personal judgment against the appellant without the appointment of a guardian ad litem for his co-defendants, who are infants. The judgment does not affect them or their interest.

At the time the original petition was filed the note maturing March 30, 1874, was not due, and consequently no cause of action on it accrued until after the suit was brought. That note was set up for the first time, after a cause of action accrued on it, on the 25th of January, 1875, long after the appellant had answered, and as he did not appear to it in an way the court erred in rendering judgment thereon for the second note without process.

The credits allowed in the judgment were all to which the appellant showed himself entitled, and should be applied to the note first falling due. The judgment on that note and on the set-off is *affirmed.*

The judgment on the second note is *reversed* and the cause remanded for further proper proceedings.

*R. C. Burns, for appellant.   L. T. Moore, for appellees.*